(No. 78-CC-1953 — ▮▮▮▮▮▮▮▮▮)

KATHY KUNTZI, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1979.*

PER CURIAM.

In the case of *John J. Beard v. State of Illinois, 32 Ill.Ct.Cl.___,* the Respondent stipulated, in part, as follows:

"This case arises out of an RC 14 Collective Bargaining Agreement. The effective dates of the agreement are July 1, 1977, to June 30, 1979. The relevant provision is found in Article XXXIII, Section 4 on page 62 of the Agreement which reads as follows:

'All employees in the bargaining unit shall receive a lump sum payment of $10.00 per month for each $10,000,000.00 'excess' of actual revenues over projections as determined under Section 3, up to a maximum of $50.00 per month (a maximum payment of $600.00 for the year).

Any such payment shall be applied retroactively to all employees for all time paid during Fiscal Year 1978, and the monthly increase shall be added to the base rates for all classifications and steps set out in Appendix A, effective July 1, 1978. Employees not on the active payroll for the full 12 months of Fiscal Year 1978 shall be entitled to the lump sum retroactive payment on a pro-rated basis. Any employee who has voluntarily quit or been discharged during Fiscal Year 1978 will be required to make claim for retroactive payments due within 60 days of the end of the Fiscal Year to the Employer.'

Pursuant to said Article XXXIII, Section 4 the employees' union demanded a lump sum payment to the employees. The Department resisted the amount of the increase demanded and the matter was eventually settled by an arbitrator who ruled that $40.00 per month was to be paid retroactively to each employee for each month of service served during the Fiscal Year 1978. Subsequently, the Eightieth General Assembly passed House Bill 3237 which provided the funds for the payment of the retroactive lump sum payment to the employees.

The issues before this Court are as follows:

1. Does Ch. 127, para. 145 prohibit the retroactive pay envisioned by Article XXXIII, Section 4 of RC 14 Collective Bargaining Agreement?

2. May the Director of Personnel agree to and

abide by an arbitrator's decision?

Chapter 127, para. 145 paraphrased provides in essential part as follows:

'Amounts paid from appropriations for personal service of any officer or employee of the State,* * *, shall be considered as full payment for all services rendered between the dates specified in the payroll * * * which payment would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of the collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed.'

In view of the fact that the retroactive pay provided for in the collective bargaining agreement was based upon the effective date of the collective bargaining agreement, the relevant section does not violate *Ill. Rev. Stat., Ch. 127, para. 145.*

As to the second issue, as to whether the Director of Personnel has the authority to agree to and abide by arbitration, Respondent would like to point out the following. Nowhere in the Personnel Code is the Director given the authority to delegate or relegate his powers or responsibilities to determine or negotiate working conditions, etc. However, as set forth earlier, the facts in this claim are that the General Assembly passed an appropriation bill for the sole purpose of the payment of this lump sum retroactive payment to these employees, thereby ratifying and thereby validating by subsequent legislation the actions of the Director of Personnel and making moot the question as to his authority to submit to arbitration.

The Claimant in the instant case, *John Beard*, was employed by the Department of Public Aid during Fiscal Year 1978 from July 20, 1977, to January 31, 1978, as a Clerk II, a classification on the RC 14 bargaining unit. Inasmuch as this Claimant was not in active

status for all 12 months of Fiscal Year 1978, Article XXXIII, Section 4 of the RC 14 contract agreement provides that such employees are entitled only to a lump sum retroactive payment on a prorata basis for the number of months worked contingent upon their making claim for the retroactive benefits within 60 days of the end of Fiscal Year 1978.

This Claimant filed his claim on October 6, 1978 (not within the original 60 days), however, the Director of Personnel extended the filing date to October 14, 1978."

This Court adopts the comments of the Respondent, in the above stipulation, insofar as the *Beard* case is analogous to the present case, as the position of this Court on the law.

The Claimant in the instant case, Kathy Kuntzi, was employed by the Department of Administrative, but resigned from that Department, effective following the last day of May, 1978, in order that she might assume a position with the Office of the Governor on the first day of June, 1978. The collective bargaining agreement in question provided that terminated employees must file by September 5, 1978. However, this filing date, as pointed out in the John J. Beard Stipulation, was unilaterally extended to October 14, 1978. However, this Claimant did not file within those dates but rather, having been informed by the Department of Administrative Services that they did not include her in their payroll for the increase, that she would have to file in the Court of Claims, filed her case in the Court of Claims on November 29, 1978. Although the collective bargaining agreement provided that "any employee who has voluntarily quit or been discharged discharged during Fiscal Year 1978 will be required to make

920

claim for retroactive payments due within 60 days of the end of the fiscal year to the employer", this employee was on the active payroll of the employer, vis-a-vis the State of Illinois, on June 30, 1978, (the end of the fiscal year). We, therefore hold that the deadline for this benefit does no apply to this Claimant.

Accordingly, there is hereby awarded to Claimant the amount of $440.00 plus the State's contribution to the State Employee's Retirement System and the F.I.C.A. From the aforesaid award to Claimant there shall be deducted amounts for the Claimant's Federal and State income tax withholding and amounts for the Claimant's contributions to the State Employees' Retirement System and to F.I.C.A.